IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| THE ESTATE OF ROBERTO TORRES, <br> MARTHA A. TORRES, Administrator, <br> MARTHA A TORRES Individually and <br> on Behalf of R.T., A Minor Child, <br><br>     Plaintiff, <br><br> v. <br><br> UNUM LIFE INSURANCE COMPANY <br> OF AMERICA <br><br>     Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Case No. 7:23-cv-00060 |

## **DEFENDANT'S ORIGINAL ANSWER**

Defendant Unum Life Insurance Company of America ("Unum Life") files this Original Answer to Plaintiff's Original Petition for Declaratory Judgment, Deceptive Trade Practices Act, and Breach of Contract ("Petition") of Plaintiff The Estate of Roberto Torres, Martha A. Torres, Administrator, Martha A. Torres, Individually and on Behalf of R.T., A Minor Child ("Plaintiff"), and states:

## **ANSWER**

**1.**   With respect to the allegations contained in Paragraph I of the Petition, Unum Life admits, upon information and belief, that Plaintiff has sued in the capacity she has expressed in the Petition; states that Unum Life's counsel voluntarily accepted service of the Petition on Friday, February 10, 2023; and denies any remaining allegations.

**2.** With respect to the allegations contained in Paragraph II of the Petition, Unum Life states that this lawsuit has been properly removed to this Court and, therefore, such allegations are moot.

**3.** With respect to the allegations contained in Paragraph III of the Petition, Unum Life states that jurisdiction and venue are proper in this Court; and denies any remaining allegations.

**4.** With respect to the allegations contained in Paragraph IV of the Petition, Unum Life states that Plaintiff's counsel sent a letter dated November 29, 2022, purporting to be a DTPA demand letter; and denies any remaining allegations.

**5.** Unum Life denies the allegations contained in Paragraph V of the Petition.

**6.** With respect to the allegations contained in Paragraph VI of the Petition, Unum Life admits that Roberto Torres ("Roberto) was employed by Varsity Brands Holding Company, Inc. ("Varsity"); states the Roberto was insured under Unum Life's Group Policy No. 430807-001 (the "Group Policy") as a benefit of his employment with Varsity; states that the Group Policy provided, among other things, basic and supplemental life insurance coverage to Varsity's eligible employees, subject to the Group Policy's terms and conditions; admits that Roberto died on January 4, 2021; states Plaintiff was designated as Roberto's beneficiary for his life insurance coverage under the Group Policy; states that Unum Life paid Plaintiff $115,000 plus interest in life insurance due under the Group Policy; states that Unum Life correctly determined that Plaintiff was not entitled to $140,000 in additional life insurance coverage under the Group Policy that Roberto elected

to be effective on January 1, 2021, because Roberto was not actively at work on the date the increase was to take effect; and denies any remaining allegations.

7. Unum Life denies the allegations contained in Paragraphs VII.A - C of the Petition.

8. Unum Life denies that Plaintiff is entitled to any of the monetary relief she seeks in Paragraph X [sic][1] of the Petition.

9. Unum Life denies that Plaintiff is entitled to any of the relief she seeks in Paragraph XI of the Petition.

10. Unum Life denies that Plaintiff is entitled to any of the relief she seeks in the Prayer of her Petition.

11. Unum Life denies all allegations that are not expressly admitted.

## AFFIRMATIVE DEFENSES

12. Plaintiff's state law claims are completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), as 29 U.S.C. § 1332 governs actions under ERISA and provides the exclusive remedies for claims under an ERISA regulated plan.

13. Unum Life has discretion to interpret the Group Policy, make eligibility determinations under the Group Policy, and make any and all factual determinations under the Group Policy. Accordingly, Unum Life's determinations are entitled to deference. Unum Life properly exercised its discretion in considering Plaintiff's claim.

---

[1] The Petition does not contain Paragraphs VIII or IX.

14. Plaintiff is limited to the evidence and arguments presented during the administrative record.

15. Plaintiff's claims are barred because the actions of Unum Life were not arbitrary, capricious, unreasonable, or made in bad faith.

16. Plaintiff's claims for exemplary or punitive damages, if any, are barred as they violate Unum Life's right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and are limited by Chapter 41 of the Texas Civil Practice and Remedies Code.

17. Unum Life states that Plaintiff's claims are barred, in whole or in part, because the Group Policy provides as follows:

> **"WHEN WILL CHANGES TO YOUR COVERAGE TAKE EFFECT?**
>
> Once your coverage begins, any increased or additional coverage due to a change in your annual earnings or due to a plan change requested by your Employer, will take effect immediately or on the date Unum approves your evidence of insurability form, if evidence of insurability is required. You must be in active employment or on a covered layoff or leave of absence.
>
> If you are not in active employment due to injury or sickness, any increased or additional coverage due to a change in your annual earnings or due to a plan change will begin on the date you return to active employment.
>
> Any decrease in coverage will take effect immediately but will not affect a payable claim that occurs prior to the decrease."
>
> **ACTIVE EMPLOYMENT** means you are working for your Employer for earnings that are paid regularly and that you are performing the material and substantial duties of your regular occupation. You must be working at least the minimum number of hours as described under Eligible Group(s) in each plan.

Your work site must be:

- your Employer's usual place of business;
- an alternate work site at the direction of your Employer, including your home; or
- a location to which your job requires you to travel.

Normal vacation is considered active employment.
Temporary and seasonal workers are excluded from coverage.

**SICKNESS** means:

- for purposes of Portability, an illness, disease or symptoms for which a person, in the exercise of ordinary prudence, would have consulted a health care provider.
- for all other purposes, an illness or disease. Disability must begin while you are covered under the plan.

18. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and/or ratification.

19. To the extent asserted in the Petition, Plaintiff's claims for additional damages are barred because any actions by Unum Life were not committed knowingly as that term is defined in the applicable statutes.

## **RELIEF REQUESTED**

Unum Life respectfully requests the following relief:

**a.** That Plaintiff take nothing by reason of her suit;

**b.** That the Court dismiss Plaintiff's claims against Unum Life with prejudice and that judgment be entered in Unum Life's favor on such claims;

**c.** That Unum Life be awarded its costs of suit incurred herein, including reasonable attorneys' fees; and

**d.** That the Court grant such other relief as appropriate under the circumstances of this case.

Respectfully submitted,

By: */s/ Bill E. Davidoff*
Bill E. Davidoff
State Bar No. 00790565
Federal I.D. No. 19513
bill.davidoff@figdav.com
Attorney-in-Charge

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, TX 75202
Tel: 214.939.2000
Fax: 214.939.2090

ATTORNEYS FOR DEFENDANT UNUM LIFE INSURANCE COMPANY OF AMERICA

## CERTIFICATE OF SERVICE

  I hereby certify that on February 16, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties who have appeared and registered with CM/ECF.

            */s/ Bill E. Davidoff*
            Bill E. Davidoff